# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CRAIG L. HOLLOMAN,

    Plaintiff,

v.                                         Case No. 8:12-cv-1193-T-30EAJ

MANATEE COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

## **O R D E R**

The Court has for its consideration the *pro se* prisoner Plaintiff's "Sworn Affidavit/Request for I.A. Investigation" (Dkt. 1) which the Court construes as a civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983 (Dkt. 1). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed.

The complaint alleges that on April 25, 2012, Defendants Boggs and Fiuza, deputies with the Manatee County Sheriff's Office, arrested Plaintiff. Before putting Plaintiff into their police vehicle, Boggs and Fiuza searched Plaintiff. While searching Plaintiff, Boggs grabbed and squeezed Plaintiff's genitals. Plaintiff asked Boggs "what are you doing?" Both Boggs and Fiuza responded "just be fucking quiet," and pushed Plaintiff into the back seat of their police vehicle. Boggs then told Plaintiff "you know, I really hate niggers who

commit crimes against us police officers," and "that [he] was the stupidest black criminal that ever lived."

Boggs drove Plaintiff to the Manatee County Sheriff's Office. Boggs escorted Plaintiff into the building and ordered Plaintiff to sit next to another detainee. After completing paperwork, Fiuza transported Plaintiff and the other detainee in a police vehicle to Manatee County Jail. While driving, Fiuza told Plaintiff and the other detainee that "he will make it to the North Manatee County Jail in a record time." During the transport, the police vehicle was traveling up to 85-90 miles per hour.

Plaintiff claims that Boggs violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights when Boggs made the racial slur against Plaintiff, and grabbed his genitals during the search. Plaintiff also asserts that Fiuza violated his rights when he endangered him and the public by driving the police vehicle at 85-90 miles per hour. As relief, Plaintiff requests the Court order an internal affairs investigation of Boggs and Fiuza's actions (Dkt. 1 at 2), and assist Plaintiff in bringing criminal charges against Boggs and Fiuza (Dkt. 1-1).

## Discussion

Private citizens have "no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1997) (writ of mandamus could not issue to compel investigation and prosecution of former Florida state attorney because private citizens have no judicially cognizable interest in the prosecution or non-prosecution of another) (citing *Linda R.S. v. Richard D.*, 410 U.S.

614, 619 (1973)). Therefore, Plaintiff's assertion that Defendants Boggs and Fiuza should be prosecuted for their alleged conduct fails to state a claim upon which relief may be granted.

To the extent Plaintiff requests the Court order the Manatee County Sheriff's Office to initiate an internal affairs investigation of Boggs and Fiuza's actions, the Court construes the request as a petition for the writ of mandamus. United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). The Manatee County Sheriff's Office, however, is not a federal agency.

Moreover, jurisdiction under § 1361 is restricted to actions seeking to compel an agency to perform a non-discretionary duty. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear *nondiscretionary duty*.") (emphasis added). It is well settled that a writ of mandamus will not issue to compel discretionary acts like an agency's decision to initiate an investigation. *See Einhorn v. DeWitt,* 618 F.2d 347, 349 (5th Cir. 1980) ("a writ of mandamus cannot compel a discretionary action"); *Otero*, 832 F.2d 141 (writ of mandamus could not issue to compel investigation and prosecution of former state attorney); *Haenichen v. Reno*, 26 Fed. Appx. 34, 35 (2d. Cir. 2001) (unpublished opinion)

("An individual may not compel officials at the Department of Justice to initiate an investigation concerning the alleged criminal acts of another."); *Lovoi v. Department of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (no right to an F.B.I. investigation); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (initiation of a criminal investigation by the F.B.I. is "clearly a discretionary act" and district court did not have authority to issue writ of mandamus to compel F.B.I. to investigate alleged criminal acts). Therefore, this Court lacks jurisdiction to issue a writ of mandamus compelling the Manatee County Sheriff's Office to initiate an internal affairs investigation.

Finally, Plaintiff's allegations fail to demonstrate a constitutional violation. To prevail on a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate (1) that defendants deprived him of a right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal abuse and harassment does not violate the Eighth Amendment. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). While the racial epithet Plaintiff attributes to Boggs is undisputedly repugnant and unprofessional, it does not rise to the level of a constitutional violation for purposes of § 1983.

4

Next, to the extent Plaintiff alleges that Boggs grabbed Plaintiff's genitals during the search of Plaintiff's person following the arrest,[1] the allegations involve only a *de minimus* use of force insufficient to state a constitutional violation.[2] *See, e.g., Bryan v. Spillman*, 217 Fed. Appx. 882 (11th Cir. 2007) (*de minimis* force where officer conducted "rough search" of suspects genitals); *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000) (*de minimis* force where officer grabbed arrestee and searched his genitals in uncomfortable manner).

Lastly, with respect to Plaintiff's claim that Fiuza transported him to the jail at speeds of 85-90 miles per hour, Plaintiff again fails to allege a constitutional violation. *See, e.g., Gallagher v. Ruggles*, 856 F.2d 193 (6th Cir.1988) (unpublished opinion) (affirming district court's dismissal for failure to state a claim upon which relief can be granted detainee's complaint alleging defendants transported him at speeds exceeding the speed limit ); *Young v. Mich. Dep't of Corr.*, 2007 U.S. Dist. LEXIS 54507, 2007 WL 2214520, at *2 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate health or safety.' Many people drive without wearing a seatbelt, and speeding on the highway is a frequent occurrence. Although driving fast is risky, it cannot be considered an 'excessive' risk.") (citations omitted); *Jones v. Collins*, 2006 U.S. Dist. LEXIS 35245, 2006 WL 1528882, at *2 (S.D. Ill.

---

[1] "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

[2] "[T]he application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000).

5

June 1, 2006) ("reckless driving . . . present[s], at best, [a] claim[] of negligence, but a defendant can never be held liable under § 1983 for negligence").

Accordingly, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. The **Clerk** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*